IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRANCE DAUGHERTY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-648-MJR |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS,** ) | |
| ) | |
| **Respondent.** | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this action seeking restoration of lost good time credits. Although Petitioner has styled this action as a writ of mandamus, the Court will liberally construe it as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The proper method for challenging the revocation of good time credit is habeas corpus, but only after Petitioner has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Petitioner's claim. It is unclear whether Petitioner has exhausted his state remedies. It is possible that he intended to file the instant action with the state court, not this court. However, failure to

exhaust state remedies is an affirmative defense which can be asserted by Respondent. Tthe Court need not resolve the matter at this time.

With regard to the Respondent, the Court notes that the Petitioner has named the Illinois Department of Corrections. This is not correct. The proper respondent in a § 2254 is the warden of the facility wherein the Petitioner is confined. *See* Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts advisory committee's note. In this case, Petitioner is confined at Menard Correctional Center and the current warden is Donald Gaetz. Therefore, the Court will substitute Donald Gaetz for the Illinois Department of Corrections as the proper Respondent in this action.

Petitioner also seeks leave to proceed *in forma pauperis* (Doc. 3). Petitioner, however, has paid the filing fee this action and there is no matter pending before the Court for which *in forma pauperis status* is currently an issue. Therefore, the motion for leave to proceed *in forma pauperis* is **DENIED** as moot.

**IT IS HEREBY ORDERED** that the Clerk of Court shall substitute Donald Gaetz, Warden at Menard Correctional Center for respondent Illinois Department of Corrections. Respondent Illinois Department of Corrections is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Respondent Gaetz shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred

to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 10th day of March, 2010.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**