# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRANCE DAUGHERTY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No.  09-648-MJR-PMF |
| | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is respondent's motion for a more definite statement (Doc. No. 7).  Terrance Daugherty filed this action seeking restoration of confiscated good time credits.  Although his pleading is styled as a Petition of Mandamus, his allegations were liberally viewed as a request for habeas corpus relief under 28 U.S.C. §2254.

The habeas statute provides that an application for habeas corpus relief "shall not" be granted unless it appears that (1) the applicant has exhausted the remedies available in the courts of the State, or (2) there is an absence of available state corrective process, or (3) the circumstances render the state process ineffective.  28 U.S.C. § 2254(b)(1)(A).  In Illinois, prisoners may seek restoration of confiscated good conduct credits in a mandamus action filed in circuit court.  *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001).

Respondent's motion was heard on May 20, 2010.  At the hearing, Daugherty explained that he wants to challenge two decisions regarding prison disciplinary charges.  The first decision resulted in a 30-day loss of good conduct credits.  The second decision resulted in a 6-month loss

of good conduct credits. Daugherty completed the grievance process and recently filed a mandamus action in Randolph County Circuit Court. The mandamus action is not complete.

Daugherty should be allowed to pursue his state mandamus remedy before this habeas action proceeds. If Daugherty persists with a premature habeas action, the doctrine of procedural default could bar any consideration of the merits of his habeas claims.

IT IS RECOMMENDED that respondent's motion (Doc. No. 7) be GRANTED as follows. Daugherty's petition should be dismissed without prejudice to his right to file a § 2254 petition for a writ of habeas corpus after he exhausts his state mandamus remedy.

**SUBMITTED:   May 24, 2010  .**

  **S/ Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**